**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**CATHY L. WALDOR**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>50 WALNUT ST.<br>ROOM 4040<br>NEWARK, NJ 07101<br>973-776-7862 |

**LETTER ORDER**

Re:     JAFFE v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
        Civil Action No. 2:19-cv-18067-KSH-CLW

This matter comes before the Court on Plaintiff, Joan F. Jaffe's ("Plaintiff") Motion to Compel Defendant The Prudential Insurance Company of America ("Defendant" or "Prudential") to produce the 2015 Master Services Agreement ("MSA") between Prudential and IGATE Technologies, Inc., the predecessor in interest to Defendant Capgemini America, Inc., and CHCS Services Inc. (collectively "CHCS"), Prudential's third-party claims administrator for long term care insurance policies. (ECF No. 42.)  Prudential opposes Plaintiff's motion. (ECF No. 47.)  The Court declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below Plaintiff's motion is **GRANTED**.

**Background**

This action arises out of Prudential's denial of Plaintiff's long-term care benefits under the policy that she purchased and was issued by Prudential in 2003.  (ECF No. 42.)  Long-term care, as defined by the policy at issue in this litigation, is "[m]edical, social, and personal care services, such as Nursing Home care, Home and Community-Based Care, Hospice Care, or Respite Care, required over a long period of time by a person with Chronic illness or Disability." (ECF No. 1-1.)  Plaintiff is eighty (80) years old and on October 23, 2018, submitted a claim under her policy, which was denied on December 26, 2018.  (ECF No. 53, ¶ 81.)  Plaintiff appealed the denial of benefits on February 26, 2019, March 22, 2019, April 4, 2019, and June 10, 2019.  (ECF No. 53, ¶¶ 84 & 93.)  During discovery, Plaintiff learned that as part of its process of evaluating claims, Prudential delegated Plaintiff's claim evaluation, determination, and appeal process to a third-party administrator, CHCS and that Prudential's relationship with CHCS is governed by the MSA.  (ECF Nos. 42 & 47.)   Plaintiff thereafter requested a copy of the MSA, which Prudential refused to produce.  (ECF No. 42.)  This motion followed.

After this motion was filed, this Court granted Plaintiff's unopposed Motion to Amend the Complaint to add CHCS and Capgemini defendants. (ECF No. 58.)  Plaintiff's Amended Complaint alleges that under the MSA "Defendants, Capgemini and CHCS Services, Inc are paid a monthly fee for every existing, in-force Prudential Long Term Care policy, and an additional monthly fee for evaluating every claim made under those Prudential Long Term Care policies. Capgemini and CHCS therefore have a financial incentive for denying benefits made to claimants and denying appeals so as to keep the claim review/appeal alive for as long as possible." (ECF No. 53, ¶ 105.)  Plaintiff also alleges that Defendants Capgemini and CHCS claims system is set

up to string claimants, such as Ms. Jaffe, along for as long as possible and, ultimately, deny claims in order to maximize its profits. (ECF No. 53, ¶ 106.)  Additionally, regarding the deprivation of Plaintiff's benefits under the Policy, the Seventh Cause of Action is for Civil Conspiracy against Prudential, CHCS, and Capgemini.  (ECF No. 53.)

**Legal Standard**[1]

Federal Rule of Civil Procedure 26(b)(1) permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1) (*emphasis added*). "Although the scope of discovery is broad, it is not unlimited. Discovery is not permitted where the discovery sought is irrelevant to the claims at issue, where the requests were tendered in bad faith, or where the requests are unduly burdensome." *Gutierrez v. Johnson & Johnson, Inc.*, 01-CV-5302, 2002 WL 34717245, at *3 (D.N.J. Aug. 13, 2002). "[C]ourts have construed [Rule 26] liberally, creating a broad range for discovery which would encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issues that is or may be in the case." *Stepanski v. Sun Microsystems, Inc.*, 2:10-CV-2700 (PGS), 2011 WL 8990579, at *18 (D.N.J. Dec. 9, 2011), *report and recommendation adopted*, 2:10-CV-2700 (PGS), 2012 WL 3945911 (D.N.J. Sept. 10, 2012).  "'It is well-established that '[t]he party opposing discovery has the burden to raise an objection, then the party seeking discovery must demonstrate the relevancy of the requested information.' . . . 'Once this showing is made, the burden switches again to the party opposing discovery to show why discovery should not be permitted.'" *Cordero v. Warren*, 12-CV-2136 (MAS)(DEA), 2016 WL 8199305, at *2 (D.N.J. Oct. 4, 2016), aff'd, 12-CV-2136 (MAS)(DEA), 2017 WL 2367049 (D.N.J. May 31, 2017) *internal citations omitted*.

**Discussion**

Plaintiff brings this Motion to Compel the MSA because she believes that it is relevant to her allegations of bad faith, unreasonable delay/denial of her claims, and unfair and deceptive trade practices. (ECF No. 42.)  Specifically, Plaintiff asserts that "the MSA is relevant because CHCS may have a financial incentive to delay or deny benefit payments to Plaintiff[,]" which Plaintiff believes supports her bad faith claim.  (ECF No. 47.)  Prudential opposes the production of the MSA because it is a confidential and proprietary business arrangement and is irrelevant to Plaintiff's allegations in the Complaint.  *Id*.

Plaintiff has demonstrated that the MSA is relevant to the allegations and claims in the Complaint. First, the specific terms of the MSA are relevant to the facts surrounding the handling of Plaintiff's claim for long term care benefits by CHCS instead of Prudential, the claims process and eligibility review, and Plaintiff's appeals, all of which were delegated by Prudential to CHCS through the MSA.  Second, the MSA is relevant under the Amended Complaint because it is the agreement that governs Prudential's relationship with another Defendant in this action that effectively denied Plaintiff's claim for benefits, which Plaintiff alleges includes terms that incentivized the denial of Plaintiff's claims for coverage.  (ECF No. 42.)  Finally, the Court does not find that providing the

---

[1] Both parties raise concerns regarding the applicability of substantive law of various states to the merits of the claims in this action, however that issue is not ripe for decision before this Court nor does it impact whether the MSA is relevant for discovery purposes.

MSA will be unnecessarily cumulative as suggested by Prudential, the fact that Plaintiff will have an opportunity to conduct depositions of CHCS and Prudential employees concerning the delegation of duties does not obviate Prudential's duty to produce relevant information, including the MSA. Therefore, Plaintiff's Motion to Compel the production of the MSA is granted. However, given Prudential's concerns regarding the confidential and proprietary nature of the MSA, the MSA shall be produced with an Attorneys' Eyes Only designation.

**Conclusion**

For the foregoing reasons, on this 23 day of December, 2020,

> **ORDERED** that Plaintiff's Motion to Compel (ECF No. 42) is **GRANTED**; and
>
> **ORDERED** that Prudential shall produce a copy of the Master Service Agreement, designated Attorneys' Eyes Only, to Plaintiff by January 15, 2021; and
>
> **FURTHER ORDERED** that the Clerk of Court shall terminate ECF No. 42.

*//s Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**