UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOAN F. JAFFE,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,**<br><br>    **Defendants.** | Civil Action No. 19-18067<br><br>Hon. Katharine S. Hayden, U.S.D.J.<br><br>Hon. Cathy L. Waldor, U.S.M.J. |

**WHEREAS OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE FIRST AMENDED COMPLAINT**

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Amend the First Amended Complaint (ECF No. 212). Plaintiff seeks leave to include additional facts occurring after the filing of the initial complaint related to Defendants' terminating her long-term care claim in 2023 to supplement her claims of bad faith and civil conspiracy. (Plaintiff Brief at 7, ECF No. 212-1). The Court, having considered the papers and the arguments in support and in opposition of Plaintiff's motion (ECF Nos. 212-1, 213, 214, and 217), and for good cause shown and,

**WHEREAS** Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. Under Rule 16(b)(4), a court's scheduling order may be modified with the judge's consent and for good cause. Fed. R. Civ. P. 16(b)(4). "[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies." *Premier Comp Sols.,*

*LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). This standard must be met prior to the Court's consideration of whether the party may amend its complaint under Rule 15. *Id*.; and

**WHEREAS** for purposes of Rule 16, "[a] finding of good cause depends on the diligence of the moving party. In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence." *Globespanvirata, Inc. v. Tex. Instruments, Inc.*, No. 03-2854, 2005 WL 1638136 at *3 (D.N.J. July 11, 2005) (quoting *Rent-A-Center v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). Good cause may further be established "if the movant shows that their delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Blue Gentian, LLC v. Tristar Prods., Inc.*, No. 13-1758, 2024 WL 4719560, at *5 (D.N.J. Nov. 8, 2024) (quoting *Fermin v. Toyota Material Handling, U.S.A., Inc.*, No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012)). Courts generally consider "whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the amended motion before the deadline had expired." *Fermin*, 2012 WL 1393074, at *3. The good cause analysis thus "varies with the circumstances of each case." *Physicians Healthsource, Inc. v. Advanced Data Sys. Int'l, LLC*, No. 16-3620, 2019 WL 11270470, at *2 (D.N.J. June 12, 2019) (quoting *High 5 Games, LLC v. Marks*, No. 13-7161, 2017 WL 349375, at *2 n.2 (D.N.J. Jan. 24, 2107)); and

**WHEREAS** Defendants oppose Plaintiff's motion as untimely because fact discovery ended on June 19, 2023, pursuant to this Court's entry of a Pretrial Scheduling Order on April 6, 2023, (ECF No. 170). (Df. Prudential Opposition Brief at 5, ECF No. 213). Plaintiff argues that she could not seek leave to amend her complaint before June 19, 2023, because the new facts occurred during the pendency of this litigation. (Plaintiff Brief at 7–8, ECF No. 212-1; Reply at

5, ECF No. 217). While the Court acknowledges the entry of this Order, the record establishes the parties were having disagreements about the scope of fact discovery as of May 2024, (ECF No. 196), and were finishing depositions as late as December 2024, (ECF No. 201). And although not accompanied by a formal order, it is demonstrably clear that fact discovery concluded near the beginning of 2025 when the parties jointly requested to engage in a court-conducted settlement conference in March of 2025 before commencing expert discovery. (*See* ECF No. 206). The Court held the settlement conference on March 6, 2025, and then the Court ordered the parties to submit an amended Pretrial Scheduling Order on March 10, 2025. (*See* ECF No. 209). Plaintiff thereafter filed her motion on April 22, 2025. (ECF No. 212). Given the procedural posture and developments of this matter, and the fact that the Court allowed fact discovery to delve into the 2023 termination of Plaintiff's benefits, the Court cannot conclude that Plaintiff fails to demonstrate good cause under Rule 16. The Court concludes that Plaintiff acted diligently when she moved to amend her complaint just a little over a month after the conclusion of the settlement conference, which closely coincided with the close of fact discovery; and

**WHEREAS** under Rule 15(a)(2), a party may amend its pleadings with consent of the adversary or with leave of the Court. Fed. R. Civ. P. 15(a)(2). Courts shall "freely give leave to amend when justice so requires." *Id*. Deciding whether to grant leave to amend the complaint is a matter of the Court's discretion. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit liberally permits amendments to ensure "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990); and

**WHEREAS** the Court may exercise its discretion under Rule 15 to deny leave to amend or supplement the complaint due to: (1) futility of the amendment; (2) a party's undue delay; (3)

3

prejudice to the non-moving party; or (4) bad faith. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202–03 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Importantly, prejudice to the non-moving party constitutes "the touchstone for the denial of leave to amend." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981). The Court may discern prejudice if amending the complaint "would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). The delay must "place[ ] an unwarranted burden on the court of when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citing *Cureton*, 252 F.3d at 273). Futility of the amendment is demonstrated when the legal sufficiency of the complaint is unable to survive a motion to dismiss under the Rule 12(b)(6) standard. *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000); and

**WHEREAS** Plaintiff argues that: (1) there is no undue delay because the proposed second amendment is made diligently after discovery of these new facts came to light; (2) there is no dilatory motive for filing the amended complaint because Plaintiff does not seek an amendment for strategic reasons; (3) Defendants will not be burdened because no new discovery needs to be conducted as discovery was already had pertaining to these new facts; and (4) the proposed amendments are not futile because they add to Plaintiff's claims of ongoing bad faith and civil conspiracy. (Plaintiff Brief at 8–10, ECF No. 212-1). Defendant Prudential opposes on futility grounds, arguing that Plaintiff's sought amendments are ancillary and unrelated to the factual basis undergirding Plaintiff's claims in 2018 and 2019. (Df. Prudential Opposition Brief at 9–11, ECF No. 212). The CHCS Defendants oppose, asserting that Plaintiff's motion is strategic and is intended to prevent discovery on her newly asserted facts. (Df. CHCS Opposition Brief at 2–3, ECF No. 214); and

4

**WHEREAS** because the Court found good cause under R. 16 on the basis that there is no undue delay for seeking an amendment to the complaint, it is axiomatic that the Court apply that finding equally to the R. 15 analysis. Given that the newly asserted facts originated while discovery was ongoing, the Court finds no bad faith or dilatory motive on Plaintiff's part for seeking to amend the complaint. Moreover, the proposed amendments will not unduly prejudice Defendants, despite their contentions otherwise. The Court has acknowledged—on the record—in the May 10, 2024, Zoom conference that the June 2023 re-denial is relevant to ongoing bad faith and civil conspiracy—and the Court has permitted discovery on the re-denial as early as November 2023. (*See e.g.*, ECF Nos. 188 & 196). Defendants have been on notice of the Plaintiff's interest to pursue discovery on the issue and, as such, the Court cannot conclude they will be prejudiced. Finally, because the Court has already noted that the proposed amended facts go directly to the heart of Plaintiff's ongoing bad faith claim and civil conspiracy, and construing the proposed facts as true, the Court declines to find the amendments futile; and

**WHEREAS** the Plaintiff's Motion to Amend the First Amended Complaint is hereby **GRANTED**; and

The Court **ORDERS**, on this **21st** day of **July 2025**:

Plaintiff may file her Second Amended Complaint on or before July 25, 2025; and

Defendants may file their answers within 21 days of Plaintiff's filing; and

The parties shall submit an Amended Pretrial Scheduling Order, if needed, within 21 days of the entry of this Order.

                    *s/ Cathy L. Waldor*
                    **Hon. Cathy L. Waldor**
                    **United States Magistrate Judge**

cc:   Hon. Katharine S. Hayden, U.S.D.J.